

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANNY'S CONSTRUCTION COMPANY, INC.; CITY OF CHICAGO, ex rel DANNY'S CONSTRUCTION COMPANY,

Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Defendant
and Third-Party Plaintiff,

v.

CARLO STEEL CORPORATION and THE CITY OF CHICAGO,

Third-Party Defendants.

Case No. 05 C 4799

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

This case arises out of a construction project known as the O'Hare Terminal Facade and Circulation Enhancement Project located in Chicago, Illinois (the "Project"). Plaintiff Danny's Construction Company, Inc. (hereinafter, "Danny's") sued Travelers Casualty and Surety Company of America (hereinafter, "Travelers") for payment on a performance and payment bond ("the Bond") issued in conjunction with the Project. Before the Court is Third-Party Defendant Carlo Steel Corporation's (hereinafter, "Carlo") Motion to Dismiss for lack of proper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, pursuant to the

abstention doctrine and Danny's Motion for Separation of Trials. For the reasons stated herein, Carlo's Motion to Dismiss is denied and Danny's Motion for Separation of Trials is granted.

## I. FACTUAL BACKGROUND

Walsh Construction Company (hereinafter, "Walsh") entered into a contract with the City of Chicago (hereinafter, the "City") on January 13, 2003 (the "Contract") to provide materials and equipment and to perform services in connection with the Project. Walsh, as principal, and Travelers, as surety, furnished the Bond to the City pursuant to the Illinois Public Construction Bond Act (the "Act").

Walsh subcontracted a portion of the steel fabrication and erection work required under its Contract to Carlo. Carlo is a steel fabrication company with its principal place of business in Chicago, Illinois. Carlo, in turn, entered into a subcontract with Danny's on September 9, 2003.

Danny's began its work on the Project in November 2003. As the Project progressed, Carlo continually failed to pay it for extra work items and was delinquent in its payment for the base contract work. In the spring of 2005, Carlo ceased making any payments to Danny's. Accordingly, Danny's notified Carlo in March 2005 of areas of default. No payments were made and Danny's stopped all work on March 18, 2005. On April 21, 2005, Danny's provided Carlo with a notice of suspension.

Danny's initiated suit against Traveler's on August 19, 2005 in federal court pursuant to the term of the Bond. Travelers filed third-party indemnity claims against the City and Carlo. Carlo then filed a counterclaim against Danny's and Danny's cross-claimed against Carlo alleging breach of contract.

### A. State Court Proceedings

In addition to its subcontracting with Danny's, Carlo also subcontracted work to other contractors including LB Steel Corporation and Delgado Erectors. On February 9, 2005, LB Steel filed a civil action relating to the project in the Circuit Court of Cook County against Walsh. Delgado Erectors also filed a civil action in the Circuit Court of Cook County seeking payment for services and materials provided for the Project. The two cases were consolidated. Walsh, Carlo and the City are all parties in that matter. Carlo argues that the state court proceeding involves the same witnesses, documents, and evidence as the matter filed in this court.

## II. ANALYSIS

### A. Venue

#### 1. *Waiver of Objection to Venue*

Danny's argues that Carlo waived the right to object to venue by not doing so in its Answer and by filing a Counterclaim.

Improper venue must be pleaded early, but not at the earliest possible opportunity. *American Patriot Ins. Agency, Inc. v. Mutual*

*Risk Management, Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004). An objection to venue is waived if *neither* made by motion under this rule nor included in a responsive pleading . . . ." FED. RULE CIV. P. 12(h)(1). Thus, if the objection to venue is not made in the answer nor in a timely motion to dismiss, it is waived. *See Friedman v. World Transp., Inc.*, 636 F.Supp. 685, 688 (N.D. Ill. 1986); *see also Anderson v. BASF Corp.*, No. 00 C 6804, 2001 WL 1035211, at *2, n.1 (N.D. Ill. Aug. 4, 2001)(defense of venue waived if not included in preliminary motion under Rule 12(g))(citation omitted).

In this case, Travelers brought Carlo into the case on February 22, 2006 through a Third-Party Complaint. Danny's counterclaimed against Carlo on July 3, 2006. Carlo filed its Answer to Danny's Counterclaim on July 13, 2006. It filed its Motion to Dismiss for lack of improper venue pursuant to Federal Rule 12(b)(3) on September 26, 2006. Carlo's Motion to Dismiss constitutes a timely motion under Rule 12(h). "[T]he answer date is not the do-or-die day for waiver purposes." *Friedman*, 636 F.Supp. at 688. The purpose of Rule 12 procedure is to ensure that such motions are raised promptly. *Id.* Allowing Carlo's motion in this case is consistent with Rule 12. Thus, the venue defense was not waived.

## 2. Forum Selection

Carlo argues that Danny's complaint should be dismissed and transferred to state court pursuant to the forum selection clause within the contract between Danny's and Carlo. The relevant portion of the contract provides:

> 13.4 MULTIPARTY PROCEEDING. The parties agree, to the extent permitted by the prime agreement, that all parties necessary to resolve a claim shall be parties to the same dispute resolution proceeding. To the extent [a] dispute between Carlo Steel and subcontractor involve in whole or in part disputes between Carlo Steel and Walsh Construction disputes between Subcontractor and Carlo Steel shall be decided by the same tribunal and in the same forum as disputes between Carlo Steel and Walsh Construction.

Carlo argues that while Walsh is not a direct party to this lawsuit, its bond company, Travelers is. Thus, Carlo contends that the controversy clearly revolves around the relationship between Walsh, Carlo, and Danny's. Accordingly, because there is currently litigation pending relating to the Project, the provision can only be honored by transferring the matter to the Circuit Court of Cook County.

First, as Carlo admits in its motion, the forum selection clause on its face does not apply because Walsh is not a party to this case. In addition, this dispute arises out of Danny's claims for payment on the Bond; it is not based on its contract with Carlo. See *Brown & Kerr Inc. v. St Paul Fire and Marine Ins. Co. et al.*, 940 F.Supp. 1245, 1249 (N.D. Ill. 1996)(A payment bond issued under the Act creates a primary obligation of the surety

- 5 -

that is independent of a principal's contractual relationship with a subcontract.). Thus, the terms of the Bond rather than the subcontract apply to Danny's claims against Travelers. Accordingly, the forum selection clause does not apply.

### *3. Abstention*

Carlo argues that if the Court finds that the forum selection clause does not apply to this matter, the Court should order the matter transferred to the Circuit Court of Cook County pursuant to the principles of the abstention doctrine.

The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800 (1976). The clearest justifications must be present for a federal court to stay a proceeding pending completion of a state court action. *Id.* at 819. To determine whether a stay is appropriate under *Colorado River*, the court must undertake a two-part inquiry. First, the court must determine whether the concurrent state and federal actions are actually parallel. *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances. *Id.*

Generally, a suit is parallel when it involves the same parties litigating substantially the same issues in another forum. *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006)(citation omitted). In this case, Danny's is not a party to the state court proceeding. Thus, the suits are not parallel and the doctrine of abstention does not apply.

### B. Separation of Trials

Federal Rule of Civil Procedure 42(b) permits the separate trial of any issue when certain conditions are met. First, the Court must determine whether separate trials would avoid prejudice to a party or promote judicial economy. FED. RULE CIV. P. 42(b). Only one of these criteria needs to be satisfied for a court to order a separate trial. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1126 (7th Cir. 1999). Second, the court must determine that separate trials would not unfairly prejudice the non-moving party. *Id.* Finally, separate trials must not be granted if doing so would violate the Seventh Amendment. *Id.* The ultimate decision to bifurcate is at the court's discretion.

Danny's argues that bifurcating the third-party indemnity claims would both promote judicial economy and avoid prejudice. First, it argues that separation would promote judicial economy because a surety's right to subrogation from third-parties does not accrue until it has paid the debt. Thus, the third-party claims will not accrue unless and until Danny's prevails against

Travelers. In addition, if Danny's obtains a judgment against Travelers it would narrow the scope and issue of subsequent litigation because the amount of maximum recovery would be clear. Danny also contends that the evidence involved in the two suits would be different because its claim rests upon one issue: whether it is entitled to collect on the Bond. Travelers' third party claims will include issues concerning the design of the Project and the responsibility of several parties.

Danny's argues that bifurcation is also necessary to avoid prejudice. Due to its size, it cannot afford to finance protracted litigation. Already the parties in this case have requested additional time to answer and to extend discovery deadlines. Further, the additional third-party claims will unnecessarily create confusion for the jury by adding unrelated, complex issues.

Travelers and Carlo filed Responses in Opposition to Danny's Motion for Separate Trials. Travelers argues that separate trials would not promote judicial economy because the same evidence, including witnesses' testimony, concerning the extent of Danny's work would be presented at both trials. Both Carlo and Travelers argue that they would be prejudiced by separate trials because of the added costs of presenting the same evidence twice. Travelers contends that if Danny's prevails, it would have to pay a multimillion dollar judgment for which it may be entitled to indemnification by the City. Thus, Travelers would be forced to

wait until the conclusion of the second trial to receive the amount of indemnification. Carlo and Travelers also argue that the case is not even close to trial so any delay Danny's suffers by the addition of the City as a third-party is minimal.

In response to Travelers and Carlo's representations that the addition of the City as a third-party would not cause additional delays, the City filed its own reply. In its reply, the City states that it has been brought into the case more than one year after its inception and with a nearing discovery cut-off date. Although Travelers and Carlo's Responses contend that adding the City will not cause undue delay, the City refutes this assertion stating that it will need substantial discovery and may be required to file third-party pleadings potentially bringing in additional parties.

Danny's claims against Travelers are based on different legal theories and involve distinct inquiries than the issues raised by the third-party complaints. Contrary to Travelers and Carlo's assertions, the City admits that it will engage in substantial discovery that will delay the proceedings. Such a delay will prejudice Danny's. Thus, Travelers and Carlo's arguments boil down to an assertion that much of the evidence that would be presented in the first trial would have to be presented for a second time in the second trial. This alone does not show that the non-moving parties in this case will be unfairly prejudiced. *See Houseman*,

171 F.3d at 1127 (citation omitted). In the present case, the claims against Travelers will be ready for trial whereas the third-party claims are still in the early stages of discovery. Thus, based on the Court's observations of the tactics to delay trial and the City's representations that it will need to engage in substantial discovery, the Court grants Danny's Motion for Separate Trials.

### III.  CONCLUSION

For the reasons stated herein, Carlo's Motion to Dismiss **is denied** and Danny's Motion for Separate Trials **is granted**.

**IT IS SO ORDERED.**

                                                                                      _____
                                                                                      Harry D. Leinenweber, Judge
                                                                                      United States District Court

Dated: November 16, 2016