IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANNY'S CONSTRUCTION COMPANY, INC., CITY OF CHICAGO *ex rel.* DANNY'S CONSTRUCTION COMPANY, INC., <br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>CARLO STEEL CORPORATION,<br><br>Third-Party Defendants. | Case No. 05 CV 4799<br><br>Honorable Judge Leinenweber<br><br>Magistrate Judge Valdez |

## DANNY'S SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Plaintiff, City of Chicago *ex. rel* Danny's Construction Company, Inc. ("Danny's"), moves for judgment as a matter of law that the total amount earned by Danny's under its contract with Carlo Steel Corporation ("Carlo Steel") for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Danny's is entitled to judgment as a matter of law on this issue because there is no legally sufficient evidentiary basis to find in favor of Travelers or against Danny's on this issue.

The law and facts that entitle Danny's to judgment as a matter of law are set forth below:

## STANDARD FOR RULE 50 MOTIONS

Judgment as a matter of law should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a); *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). The standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same. *E.g. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (citations omitted); *see also Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

## TRIAL EVIDENCE

1. Danny's and Travelers Agreed Upon Joint Stipulations 1-22.
2. All exhibits received by the Court at trial.
3. All testimony presented by Danny's at trial.

## ARGUMENT

Based upon the joint stipulations and the evidence adduced at trial, Danny's has presented evidence to entitle sufficient it to judgment that the total amount earned by Danny's under its contract with Carlo Steel for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Travelers has not presented any evidence to the contrary and there is no legally sufficient evidentiary basis to find for Travelers and against Danny's on this issue.

WHEREFORE, Plaintiff, City of Chicago *ex. rel* Danny's Construction Company, Inc., prays for judgment as a matter of law that the total amount earned by Danny's under its

contract with Carlo Steel for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071.

DATED this 15th day of October, 2007.

Respectfully submitted,

DANNY'S CONSTRUCTION COMPANY, INC,
Plaintiff,

By: /s/ Edward H. Tricker
Edward H. Tricker, Neb. 15504
Kory D. George, Neb. 22655
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone: 402-437-8500
Facsimile: 402-437-8558
E-Mail: etricker@woodsaitken.com
E-Mail: kgeorge@woodsaitken.com

## CERTIFICATE OF SERVICE

It is hereby certified that on this 15th day of October, 2007, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant's counsel of record as follows:

**William Dwyer, Jr. & Patrick J. Enright**
O'Rourke, Hogan, Fowler & Dwyer
10 South LaSalle Street, Suite 2900
Chicago, IL 60603
(312) 739-3500
Email: wdwyer@ohfdlaw.com
Email: penright@ohfdlaw.com

/s/ Edward H. Tricker
Edward H. Tricker