IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danny's Construction Company, Inc., City of Chicago ex rel., et al. | |
| Plaintiff, | No. 05 C 4799 |
| v. | Honorable Judge Leinenweber |
| Travelers Casualty and Surety Company of America, | Magistrate Judge Valdez |
| Defendant and Third-Party Plaintiff, v. | |
| Carlo Steel Corporation and City of Chicago | |
| Third-Party Defendants. | |

## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW

Now comes defendant, Travelers Casualty and Surety Company ("Travelers"), by its attorneys, O'Rourke, Hogan, Fowler & Dwyer, and for its second Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50, states as follows:

1. Danny's Construction Company, Inc.'s ("DCCI") action against Travelers is for amounts allegedly due under Travelers' Contractor's Performance and Payment Bond issued in favor of the City of Chicago (the "City") on behalf of Walsh Construction Company of Illinois ("Walsh"), as Principal, Bond No. 8 SB 103913910 BCA (the "Surety Bond," a copy of which is attached as Exhibit A).

2. The Surety Bond incorporates by reference the contract between Walsh and the City for the construction of the O'Hare FACE Terminals 2 and 3 Project H 1097-98 ("FACE Project") and related work under Specification No. PH 1097-02-01 ("Walsh/City Contract").

3. A construction bond and the contract it secures must be read as one instrument. When the bond incorporates the contract by reference, the provisions of the contract become the provisions of the bond. *Lake View Trust & Savings Bank v. Filmore Construction Company, Inc.*, 74 Ill.App.3d 755, 393 N.E.2d 714 (1st Dist. 1979).

4. DCCI was required to comply with all terms, conditions, and agreements of the Walsh/City Contract.

5. Pursuant to the Walsh/City Contract, DCCI was required to submit certain documentation and follow certain procedures in order to receive compensation for extra work.

6. DCCI failed to present any evidence that it complied with the terms, conditions, and agreements of the Walsh/City Contract for payment of extra work performed at the FACE Project. The evidence elicited at trial showed that DCCI did not comply with the terms, conditions, and agreements of the Walsh/City Contract by failing to submit the required documentation and follow the required procedures.

7. Pursuant to Federal Rule of Civil Procedure 50, this Court should grant Travelers' Motion for Judgment as a Matter of Law because there was no legally sufficient evidentiary basis for a reasonable jury to award DCCI damages for extra work performed on the FACE Project.

WHEREFORE, Travelers Casualty and Surety Company of America prays that this Court enter judgment as a matter of law.

Travelers Casualty and Surety Company of America

By: _____/s/ Patrick J. Enright_____
John C. O'Rourke, Jr. (ARDC# 2118289)
William T. Dwyer, Jr. (ARDC# 0702137)
Patrick J. Enright (ARDS# 6274880)
O'Rourke, Hogan, Fowler & Dwyer
10 S. La Salle Street
Suite 2900
Chicago, Illinois 60603
Telephone:  (312) 739-3500
Facsimile:  (312) 739-3535
E-Mail:  jorourke@ohfdlaw.com
E-Mail  wdwyer@ohfdlaw.com
E-Mail:  penright@ohfdlaw.com

3

Bond Number 8 SB 103913910 BCA

# CONTRACTOR'S PERFORMANCE & PAYMENT BOND

𝕶𝖓𝖔𝖜 𝕬𝖑𝖑 𝔐𝖊𝖓 𝖇𝖞 𝖙𝖍𝖊𝖘𝖊 𝕻𝖗𝖊𝖘𝖊𝖓𝖙𝖘,    That we,    Walsh Construction Company of Illinois
929 West Adams
Chicago, IL 60607

Principal, hereinafter referred to as Contractor, and

Travelers Casualty and Surety Company    , Surety

of the County of Cook and State of Illinois, are held and firmly bound unto the CITY OF CHICAGO in the penal sum of

One Hundred Twelve Million Five Hundred Thirty Four Thousand Six Hundred Forty Nine and 00/100 Dollars ($112,534,649.00)
lawful money of the United States, for the payment of which sum of money, well and truly to be made, we bind ourselves, our heirs,
executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

𝕾𝖊𝖆𝖑𝖊𝖉 with our seals and dated this    31st    day of    December    A.D., 2002

𝕿𝖍𝖊 𝕮𝖔𝖓𝖉𝖎𝖙𝖎𝖔𝖓 𝖔𝖋 𝖙𝖍𝖊 𝕬𝖇𝖔𝖛𝖊 𝕺𝖇𝖑𝖎𝖌𝖆𝖙𝖎𝖔𝖓 𝖎𝖘 𝖘𝖚𝖈𝖍,

That whereas the above bounden Contractor has entered into a certain contract with the CITY OF CHICAGO, bearing

Contract No. _____ and Specification No.    PH1097-02-01    all in conformity with said contract, for,

furnishing the City of Chicago, Department of Aviation, all labor, tools, material and equipment required and necessary for the project known as TERMINALS 1, 2 AND 3 "FACE", CHICAGO O'HARE INTERNATIONAL AIRPORT, all in conformity with the City of Chicago Contract Documents.

The said contract is incorporated herein by reference in its entirety, including without limitation, any and all indemnification provisions.

Now, if the said Contractor shall in all respects well and truly keep and perform the said contract on its part, in accordance with the terms and provisions of all of the Contract Documents comprising said contract, and in the time and manner therein prescribed, and further shall save, indemnify, and keep harmless the City of Chicago against all loss, damages, claims, liabilities, judgements, costs and expenses which may in anywise accrue against said City of Chicago, in consequence of the granting of said contract, or which may in anywise result therefrom, or which may result from strict liability, or which may in anywise result from any injuries to, or death of, any person, or damage to any real or personal property, arising directly or indirectly from or in connection with, work performed or to be performed under said contract by said Contractor, its Agents, Employees or Workmen, assignees, subcontractors, or anyone else, in any respect whatever, or which may result on account of any infringement of any patent by reason of the materials, machinery, devices or apparatus used in the performance of said contract, and moreover, shall pay to said City any sum or sums of money determined by the Purchasing Agent, and/or by a court of competent jurisdiction, to be due said City by reason of any failure or neglect in the performance of the requirements of said contract, wherefore the said Purchasing Agent shall have elected to suspend or cancel the same, and shall pay all claims and demands whatsoever, which may accrue to each and every materialman and subcontractor, and to each and every person who shall be employed by the said Contractor or by its assignees and subcontractors, in or about the performance of said contract and with wages paid at prevailing wage rates if so required by said contract, and shall insure its liability to pay the compensation, and shall pay all claims and demands for compensation which may accrue to each and every person who shall be employed by them or any of them in or about the performance of said contract, or which shall accrue to the beneficiaries or dependents of any such person, under the provisions of the Workers' Compensation Act, 820 ILCS 305, as amended, and the Workers' Occupational Disease Act, 820 ILCS 310, as amended (hereinafter referred to as "Acts") then is this obligation to be null and void, otherwise to remain in full force and effect.

And it is hereby expressly understood and agreed, and made a condition hereof, that any judgement rendered against said City in any suit based upon any loss, damages, claims, liabilities, judgements, costs or expenses which may in anywise accrue against said City as a consequence of the granting of said contract, or which may in anywise result therefrom, or which may in anywise result from any injuries to, or death of, any person, or damage to any real or personal property, arising directly or indirectly from, or in connection with, work performed, or to be performed under said contract by said Contractor or its agents, employees or workmen, assignees, subcontractors, or anyone else and also any decision of the Industrial Commission of the State of Illinois, and any order of court based upon such decision, or judgement thereon, rendered against said City of Chicago in any suit or claim arising under the aforementioned Acts when notice of the pendency or arbitration proceedings or suit shall have been given said Contractor, shall be conclusive against each and all parties to this obligation, as to amount, liability and all other things pertaining thereto.

Every person furnishing material or performing labor in the performance of said contract, either as an individual, as a subcontractor, or otherwise, shall have the right to sue on this bond in the name of the City of Chicago for his use and benefit and in such suit said person as plaintiff, shall file a copy of this bond, certified by the party or parties in whose charge this bond shall be, which copy shall be, unless execution thereof be denied under oath, prima facie evidence of the execution and delivery of the original; provided, that nothing in this bond contained shall be taken to make the City of Chicago liable to any subcontractor, materialman, laborer or to any other person to any greater extent than it would have been liable prior to the enactment of the Public Construction Bond Act, 30 ILCS 550, as amended; provided further, that any person having a claim for labor and materials furnished in the performance of this contract shall have no right of action unless he shall have filed a verified notice of such claim with the Clerk of the City of Chicago within 180 days after the date of the last item of work or the furnishing of the last item of materials, and shall have furnished a copy of such verified notice to the contractor within 10 days of the filing of the notice with the City of Chicago. Such claim shall be verified and shall contain the name and address of the claimant, the business address of the claimant within the State of Illinois, if any, or if the claimant be a foreign corporation having no place of business within the State the principal place of business of said corporation, and in all cases of partnership the names and residences of each of the partners, the name of the contractor for the City of Chicago, the name of the person, firm or corporation by whom the claimant was employed or to whom such claimant furnished materials, the amount of the claim and a brief description of the public improvement for the construction or installation of which the contract is to be performed. Provided, further, that no defect in the notice herein provided for shall deprive the claimant of his right of action under the terms and provisions of this bond unless it shall affirmatively appear that such defect has prejudiced the rights of an interested party asserting the same; provided, further, that no action shall be brought until the expiration of one hundred twenty (120) days after the date of the last item of work or of the furnishing of the last item of material, except in cases where the final settlement between the City of Chicago and the Contractor shall have been made prior to the expiration of the 120 day period in which case action may be taken immediately following such final settlement, and provided, further, that no action of any kind shall be brought later than six (6) months after the acceptance by the City of Chicago of the completion of work. Any suit upon this bond shall be brought only in a circuit court of the State of Illinois in the judicial district in which the contract shall have been performed.

The said Surety, for value received, hereby stipulates and agrees that no change, extension of time, alteration or addition to the terms of any of the Contract Documents comprising said contract, or to the work to be performed thereunder, shall in anywise affect the obligations on this bond, and it does hereby waive notice of any such change, extension of time, alteration or addition to the terms of said Contract Documents or to the work.

|  |  |  |
|---|---|---|
|  | By: | Walsh Construction Company of Illinois (Seal) |
| Approved _____, 20 ___ | By: | _____ (Seal) |
|  |  | (President) |
|  | Attest: | _____ (Seal) |
| _____ |  |  |
| Purchasing Agent |  |  |
|  | By: | _____ (Seal) |
|  |  | (Secretary) |
| Approved as to form and legality: | Surety: | Travelers Casualty and Surety Company (Seal) |
|  | By: | _Kevin P. Nagel_ (Seal) |
| _____ |  | Kevin P. Nagel, Attorney-In-Fact |
| Assistant Corporation Counsel |  |  |