IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANNY'S CONSTRUCTION COMPANY, INC., CITY OF CHICAGO *ex rel.* DANNY'S CONSTRUCTION COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> CARLO STEEL CORPORATION, <br><br> Third-Party Defendants. | Case No. 05 CV 4799 <br><br> Honorable Judge Leinenweber <br><br> Magistrate Judge Valdez |

## DANNY'S FIRST MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(b)

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Plaintiff, City of Chicago *ex rel.* Danny's Construction Company, Inc. ("Danny's"), moves for judgment as a matter of law on the following issues: (1) that the total amount paid to Danny's for labor and materials furnished by Danny's on the project is $5,137,829; (2) that the total amount earned by Danny's under its contract with Carlo Steel Corporation ("Carlo Steel") for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Danny's is entitled to judgment as a matter of law on these issues because a reasonable jury did not have a legally sufficient evidentiary basis to find partially in favor of Travelers on these issues.

The law and facts that entitle Danny's to judgment as a matter of law are set forth below:

## STANDARD FOR RULE 50 MOTIONS

Judgment as a matter of law should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50; *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). The standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same. *E.g. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (citations omitted); *see also Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

## TRIAL EVIDENCE

1. Danny's and Travelers Agreed Upon Joint Stipulations 1-22.
2. All exhibits received by the Court at trial.
3. All testimony presented by Danny's at trial.

## ARGUMENT

Based upon the joint stipulations and the evidence adduced at trial, Danny's has presented sufficient evidence to entitle it to judgment that (1) the total amount paid to Danny's for labor and materials furnished by Danny's on the project is $5,137,829; and (2) the total amount earned by Danny's under its contract with Carlo Steel for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Travelers did not present any evidence to the

The law and facts that entitle Danny's to judgment as a matter of law are set forth below:

## STANDARD FOR RULE 50 MOTIONS

Judgment as a matter of law should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50; *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). The standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same. *E.g. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (citations omitted); *see also Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

## TRIAL EVIDENCE

1. Danny's and Travelers Agreed Upon Joint Stipulations 1-22.
2. All exhibits received by the Court at trial.
3. All testimony presented by Danny's at trial.

## ARGUMENT

Based upon the joint stipulations and the evidence adduced at trial, Danny's has presented sufficient evidence to entitle it to judgment that (1) the total amount paid to Danny's for labor and materials furnished by Danny's on the project is $5,137,829; and (2) the total amount earned by Danny's under its contract with Carlo Steel for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Travelers did not present any evidence to the

The law and facts that entitle Danny's to judgment as a matter of law are set forth below:

## STANDARD FOR RULE 50 MOTIONS

Judgment as a matter of law should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50; *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). The standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same. *E.g. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (citations omitted); *see also Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003).

## TRIAL EVIDENCE

1. Danny's and Travelers Agreed Upon Joint Stipulations 1-22.
2. All exhibits received by the Court at trial.
3. All testimony presented by Danny's at trial.

## ARGUMENT

Based upon the joint stipulations and the evidence adduced at trial, Danny's has presented sufficient evidence to entitle it to judgment that (1) the total amount paid to Danny's for labor and materials furnished by Danny's on the project is $5,137,829; and (2) the total amount earned by Danny's under its contract with Carlo Steel for labor and materials furnished to the project, excluding Danny's claims for "Costs due to Change in Work Sequence and Duration," is $10,210,071. Travelers did not present any evidence to the

contrary and thus a reasonable jury did not have a legally sufficient evidentiary basis to find partially in favor of Travelers on either of these issues.

WHEREFORE, Plaintiff, City of Chicago *ex rel.* Danny's Construction Company, Inc., prays for judgment as a matter of law in the amount of $5,072,242 plus prejudgment interest at the rate of five percent (5%) per annum plus costs.

DATED this 29th day of October, 2007.

>Respectfully submitted,
>
>CITY OF CHICAGO *ex rel.* DANNY'S
>CONSTRUCTION COMPANY, INC, Plaintiff
>
>By: /s/ *Edward H. Tricker*
>Edward H. Tricker, Neb. 15504
>Kory D. George, Neb. 22655
>WOODS & AITKEN LLP
>301 South 13th Street, Suite 500
>Lincoln, Nebraska 68508
>Telephone: 402-437-8500
>Facsimile: 402-437-8558
>E-Mail: etricker@woodsaitken.com
>E-Mail: kgeorge@woodsaitken.com

# CERTIFICATE OF SERVICE

It is hereby certified that on this 29th day of October, 2007, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant's counsel of record as follows:

**William Dwyer, Jr. & Patrick J. Enright**
O'Rourke, Hogan, Fowler & Dwyer
10 South LaSalle Street, Suite 2900
Chicago, IL 60603
(312) 739-3500
Email: wdwyer@ohfdlaw.com
Email: penright@ohfdlaw.com

*/s/ Edward H. Tricker*
Edward H. Tricker